[No. D053982. Fourth Dist., Div. One. Sept. 3, 2009.]

JANE DOE, Plaintiff and Appellant, v.
EDMUND G. BROWN, JR., as Attorney General, etc., Defendant and
Respondent.

COUNSEL

Steven J. Carroll, Public Defender, and Laura Arnold, Deputy Public Defender, for Plaintiff and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Marissa Bejarano, Deputy Attorneys General, for Defendant and Respondent.

OPINION

AARON, J.—

I.

INTRODUCTION

Pursuant to Penal Code section 1203.4,[1] a person who commits an offense and who subsequently fulfills all of the conditions of a grant of probation is generally entitled to be released from "all penalties and disabilities" resulting from that offense under the circumstances specified in that section. However, pursuant to section 290.007, "Any person required to register pursuant to any provision of the [Sex Offender Registration Act (§ 290 et seq.)] shall register in accordance with the [Sex Offender Registration Act], regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4 . . . ." Further, pursuant to provisions contained in section 290.46 (Megan's Law), the Department of Justice (the Department) is required to make available to the public on the Internet, "information concerning persons who are required to register" pursuant to the Sex Offender Registration Act. (§ 290.46, subd. (a)(1).)

In this appeal, we must determine whether, in light of these statutes, a sex offender who has obtained the relief provided in section 1203.4 remains subject to the Internet publication provisions contained in section 290.46. We conclude that such a sex offender is subject to the Megan's Law Internet publication provisions, because he or she is "required to register . . . in accordance with the [Sex Offender Registration Act]" (§ 290.007), and the Internet publication provisions of section 290.46 apply, by the terms of that

---

[1] Unless otherwise specified, all subsequent statutory references are to the Penal Code.

statute, to those persons who "are required to register" pursuant to the Sex Offender Registration Act (§ 290.46, subd. (a)(1)).[2]

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 1992, Jane Doe was convicted of one count of committing a lewd act upon a child (§ 288, subd. (a)).[3] In January 2003, the trial court placed Doe on felony probation for five years.[4] In December 2007, the trial court entered an order granting Doe's petition for relief pursuant to section 1203.4.

In March 2008, the Department sent Doe a letter. In the letter, the Department stated: "As the result of your prior application,[5] you are currently excluded from display on the Megan's Law Internet Web site maintained by [the Department]. Due to a change in the law, your exclusion is rescinded, and information about you will be made available to the public on the Megan's Law Internet Web site no sooner than 30 days from the date of this letter."

The Department explained in its letter that Doe had previously been granted an exclusion from the Internet publication provisions of Megan's Law pursuant to former section 290.46, subdivision (e)(2)(C). That statute provided that the Department could exclude from the Internet Web site the

---

[2] In *Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1115 [93 Cal.Rptr.3d 736], this court recently held that a sex offender who has had his or her conviction dismissed pursuant to section 1203.4 remains subject to the Internet publication provisions in Megan's Law because such provisions do not constitute a penalty or disability as defined in section 1203.4. In this case, we conclude that, in light of sections 290.007 and 290.46, such an offender remains subject to the Internet publication provisions of Megan's Law regardless of whether these provisions constitute a penalty or disability under section 1203.4. Thus, we reach the same result as the court in *Doe v. California Dept. of Justice, supra*, 173 Cal.App.4th 1095, but on a different ground.

[3] Although Doe initiated this proceeding using her legal name, the parties entered into a stipulation, approved by the trial court, to substitute the pseudonym Jane Doe for Doe's legal name in the case title, and to permit her to proceed on appeal under that pseudonym. Pursuant to the parties' stipulation, the trial court entered an order removing Doe's legal name from all publicly accessible court records pertaining to this proceeding.

[4] The probation order that is contained in the record on appeal is undated. In addition, the order is stamped "Recommendation Only," and is not signed by a judge. However, the People have not disputed Doe's contention that, "On January 28, 1993, [Doe] was placed on a grant of formal probation and ordered to comply with various terms and conditions." Accordingly, we assume for purposes of this decision that Doe's assertions as to her former probationary status are correct.

[5] The application is not contained in the record.

personal information of certain sex offenders who were "eligible for, granted, and successfully complete[d] probation pursuant to Section 1203.066 of the Penal Code." (Stats. 2004, ch. 745, § 1.) The Department noted that as a result of a change in Megan's Law effective October 7, 2005, the exclusion currently applies, if at all, only in cases in which the sex offender's underlying crime did not involve penetration or oral copulation, and the victim was the offender's child, stepchild, grandchild, or sibling. (§ 290.46, as amended by Stats. 2005, ch. 722, § 7.)

The Department also noted that an offender is required to clearly demonstrate facts establishing his or her eligibility for exclusion from the Internet Web site. In addition, the Department explained that, pursuant to a September 2006 amendment to Megan's Law, the Department was required to rescind the exclusions of any persons who had previously received an exclusion under a former version of the law, but who would no longer qualify for an exclusion under current law. (§ 290.46, as amended by Stats. 2006, ch. 337, § 19.)

The Department stated in its letter that Doe had not provided documents establishing her continued eligibility for exclusion from the Megan's Law Internet publication provisions. At the conclusion of the letter, the Department listed the documents that would suffice to demonstrate Doe's continued eligibility, and instructed Doe to submit any such documents to the Department immediately, or face publication of her personal information on the Megan's Law Internet Web site.

On May 21, Doe filed a petition for writ of mandate in the trial court.[6] In her petition and supporting memorandum, Doe noted that in December 2007, the trial court dismissed her 1992 conviction for committing a lewd act on a child (§ 288, subd. (a)) pursuant to section 1203.4.[7] Doe contended that the trial court's dismissal of her 1992 conviction "entitled [her] to be relieved of all penalties and disabilities stemming from her conviction, except for those specifically carved out by statute." Doe maintained that publication of her

---

[6] In her petition for writ of mandate, Doe noted that the Department had granted her an extension to May 30 to demonstrate that she qualified for an exclusion from the Internet publication provisions in Megan's Law.

[7] In 1997, the Legislature made section 1203.4 relief unavailable to those convicted of violating section 288. (§ 1203.4, subd. (b); Stats. 1997, ch. 61, § 1.) In her petition, Doe explained that, notwithstanding this amendment, the trial court had dismissed her section 288, subdivision (a) conviction pursuant to *People v. Arata* (2007) 151 Cal.App.4th 778 [60 Cal.Rptr.3d 160]. The *Arata* court held that the 1997 amendment to section 1203.4 may not constitutionally be applied to a defendant who pled guilty to a violation of section 288 in reliance on the prospect of relief under section 1203.4. (*Arata, supra*, at p. 788.)

personal information on the Megan's Law Internet Web site is a disability that stems from her conviction and argued that such publication does not come within any statutory exception to section 1203.4 relief. Doe claimed that, accordingly, the court should order the Department to show cause as to why it should not be permanently enjoined from publishing her personal information on the Megan's Law Internet Web site.

Doe filed an unopposed request for an emergency order enjoining the Department from posting her personal information on the Megan's Law Internet Web site pending the outcome of the writ proceeding. The following day, the trial court granted Doe's request.

The Attorney General, representing the Department, filed a return to the petition. In his return, the Attorney General contended that, pursuant to section 290.007, it is undisputed that Doe is required to register as a sex offender pursuant to section 290 despite the dismissal of her 1992 lewd act conviction pursuant to section 1203.4. The Attorney General argued, "[T]he [Department] is mandated to post [Doe's] information on the Megan's Law Internet Web site so long as [Doe] is still required to register under . . . section 290." The Attorney General also argued that Internet publication is "regulatory and not punitive," and that therefore, "section 1203.4[,] which releases a defendant from all penalties and disabilities should have no effect on the [Department's] duty to make [Doe's] information available to the public via the [I]nternet."

In her reply to the Department's return, Doe responded to the Department's contention that it continued to have a duty to publish her personal information on the Internet because the dismissal of her conviction pursuant to section 1203.4 did not relieve her of the duty to register under the Sex Offender Registration Act. Doe maintained that the Department's argument rested on two faulty premises, namely: "(1) that the [Department's] duty to publish [Doe's] identifying information on the [I]nternet [Web site] derives solely from her status as a sex offender, rather than from the offense [of] which she was convicted; and (2) that section 290.007, which specifically excepts an individual's registration requirements under 'the [Sex Offender Registration Act]' from the scope of section 1203.4 relief, also excepts an individual from relief from internet publication." Doe argued further, "Had the Legislature wanted to broaden the exception set forth in section 290.007 to encompass Megan's Law publication it would and could have done so."

The trial court held a hearing at which it heard argument of counsel regarding Doe's petition.[8] The trial court subsequently received supplemental

---

[8] The transcript of the hearing is not contained in the record.

briefing from the parties concerning whether publication of Doe's personal information on the Megan's Law Internet Web site constitutes a penalty or disability within the meaning of section 1203.4.

The court denied Doe's petition. In its order, the court reasoned in part:

"Under the amended Penal Code, [Doe] no longer qualifies for exclusion and concedes she is required to register. Nonetheless, [Doe] contends she should be excluded from the Internet disclosure requirement because her conviction has been expunged, and . . . [I]nternet disclosure is a 'penalty' or 'disability' that must be removed pursuant to [section] 1203.4.

"Section 1203.4 states that upon expungement, a defendant 'shall thereafter be released from all penalties and disabilities resulting from the offense . . . of which . . . she has been convicted. . . .' However, the duty to register is not a 'penalty' or 'disability.' Section 290.007 specifically states 'any person required to register . . . shall register . . . regardless of whether [the] person's conviction has been dismissed pursuant to Section 1203.4.' [Citation.] Case law has consistently held the purpose of the registration requirement is regulatory rather than punitive in nature. [Citation.]

"[Doe] has not made a prima facie showing that [I]nternet disclosure on the Megan's Law [Internet Web site] is a 'penalty or disability' from which [Doe] must be relieved due [to] the expungement of her conviction."

Doe filed a request that the trial court extend the stay enjoining the Department from posting her personal identifying information on the Megan's Law Internet Web site, pending the outcome of Doe's anticipated appeal. The following day, the trial court granted Doe's request for a stay.

Doe timely filed a notice of appeal from the trial court's order denying her petition for a writ of mandate.

### III.

### DISCUSSION

*The Megan's Law Internet publication provisions apply to*
*registered sex offenders, and Doe is required to register as a*
*sex offender*

Doe claims that the trial court erred in denying her petition for writ of mandate. Doe contends that the trial court's dismissal of her 1992 conviction pursuant to section 1203.4 precludes the Department from publishing her

personal information on the Megan's Law Internet Web site. Doe maintains that sections 1203.4, 290.007, and 290.46, demonstrate that the Legislature did not intend that Department include her personal information on the Megan's Law Internet Web site.[9]

We apply the de novo standard of review to this claim, since the claim raises an issue of statutory interpretation. (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2005) 130 Cal.App.4th 1491, 1503 [31 Cal.Rptr.3d 353].)

## A. *Governing law*

### 1. *General principles of statutory interpretation*

■ "In construing any statute, '[w]ell-established rules of statutory construction require us to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' [Citation.] 'We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context.' [Citation.] If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citation.]" (*Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 484–485 [17 Cal.Rptr.3d 88].)

"If, however, the statutory language is ambiguous or reasonably susceptible to more than one interpretation, we will 'examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes,' and we can ' " 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " ' [Citation.]" (*Pacific Sunwear of California, Inc. v. Olaes Enterprises, Inc.* (2008) 167 Cal.App.4th 466, 474 [84 Cal.Rptr.3d 182].)

■ " 'We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that

---

[9] This court requested that the parties submit supplemental briefs regarding whether the Legislature intended that the Internet publication provisions contained in section 290.46 apply to a person who has suffered a conviction for an offense specified in that section, but whose conviction has been dismissed pursuant to section 1203.4, regardless of whether such publication provisions constitute a penalty or disability pursuant to section 1203.4. The parties filed supplemental briefs in response to our request.

would lead to absurd consequences.' [Citation.]" (*Realmuto v. Gagnard* (2003) 110 Cal.App.4th 193, 199 [1 Cal.Rptr.3d 569] (*Realmuto*).) Further, "We presume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules. [Citation.]" (*Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1056· [93 Cal.Rptr.3d 457] (*Manhattan Loft, LLC*).)

### 2. *Relevant statutory provisions*

#### a. *Section 1203.4*

"Section 1203.4, subdivision (a) 'allows for probationers to have their convictions set aside and the accusations against them dismissed, and similarly provides that, with specified exceptions, such a defendant "shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted." ' [Citation.] ' " 'A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction . . . .' " ' [Citation.] 'However, such relief " 'does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity." ' [Citation.]" (*Doe v. California Dept. of Justice, supra*, 173 Cal.App.4th at pp. 1113–1114, italics omitted.)

Section 1203.4, subdivision (a) provides in relevant part:

"(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and

privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery.

"Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Section 12021.

"Dismissal of an accusation or information underlying a conviction pursuant to this section does not permit a person prohibited from holding public office as a result of that conviction to hold public office."

### b. *The Sex Offender Registration Act*

■ Section 290 requires that persons who have been convicted of certain offenses register in accordance with the Sex Offender Registration Act.[10] Among those who are required to register are individuals who have been convicted of a violation of section 288. (§ 290, subd. (c).) Section 290.007 provides, "Any person required to register pursuant to any provision of the [Sex Offender Registration Act] shall register in accordance with the [Sex Offender Registration Act], regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4 . . . ."

The Legislature enacted former section 290.1, the statutory predecessor to section 290.007, in 1981. (Stats. 1981, ch. 105, § 1, p. 794.) As initially enacted in 1981, and at the time of the initial enactment of section 290.46 in 2004 (see pt. III.A.2.c, *post*), former section 290.1 provided, "Notwithstanding Section 1203.4 . . . a person convicted of a felony sex offense shall not be relieved from the duty to register under section 290." (Stats. 1981, ch. 105, § 1, p. 794.)

### c. *Megan's Law*

■ In 2004, the Legislature enacted section 290.46, a statute commonly known as Megan's Law. (Stats. 2004, ch. 745, § 1.) "California's Megan's

---

[10] "Sections 290 to 290.023, inclusive, shall be known and may be cited as the Sex Offender Registration Act." (§ 290, subd. (a).)

Law provides for the collection and public disclosure of information regarding sex offenders required to register under section 290." (*Doe v. California Dept. of Justice, supra,* 173 Cal.App.4th at p. 1102.) Section 290.46 requires that the Department make available to the public on an Internet Web site information concerning certain registered sex offenders. Section 290.46, subdivision (a)(1) provides: "On or before the dates specified in this section, the Department of Justice shall make available information concerning persons who are required to register pursuant to Section 290 to the public via an Internet Web site as specified in this section. The [D]epartment shall update the Internet Web site on an ongoing basis. All information identifying the victim by name, birth date, address, or relationship to the registrant shall be excluded from the Internet Web site. The name or address of the person's employer and the listed person's criminal history other than the specific crimes for which the person is required to register shall not be included on the Internet Web site. The Internet Web site shall be translated into languages other than English as determined by the [D]epartment."

The nature of the personal information that is to be published on the Internet varies according to the offense of which the registrant stands convicted. For all of the offenses listed in section 290.46, the Department is required to make available the registrant's name and known aliases, photograph, physical description (including gender and race), date of birth, and criminal history. (§ 290.46, subds. (b), (c), (d).) For registrants who have suffered convictions for offenses listed in section 290.46, subdivision (c), the Department is also required to publish the residential addresses of the registrant if he or she "has one or more prior or subsequent convictions of an offense listed in subdivision (c) of Section 290." (§ 290.46, subd. (c)(1).) Finally, the Department is required to make available the residential addresses of all registrants who have been convicted of an offense listed in section 290.46, subdivision (b). (§ 290.46, subd. (b)(1).)

A felony violation of section 288, subdivision (a)—Doe's offense—is among the offenses listed in section 290.46, subdivision (b). (§ 290.46, subd. (b)(2)(H).) Section 290.46, subdivision (b) provides in relevant part:

"(1) On or before July 1, 2005, with respect to a person who has been convicted of the commission or the attempted commission of any of the offenses listed in, or who is described in, paragraph (2), the Department of Justice shall make available to the public via the Internet Web site his or her name and known aliases, a photograph, a physical description, including gender and race, date of birth, criminal history, prior adjudication as a

sexually violent predator, the address at which the person resides, and any other information that the Department of Justice deems relevant, but not the information excluded pursuant to subdivision (a).

"(2) This subdivision shall apply to the following offenses and offenders: [¶] . . . [¶]

"(H) Subdivision (a), (b), or (c) of Section 288, provided that the offense is a felony."

Section 290.46, subdivision (e) provides a procedure by which a registrant may apply for an exclusion from the Internet publication provisions of Megan's Law:

"(1) If a person has been convicted of the commission or the attempted commission of any of the offenses listed in this subdivision, and he or she has been convicted of no other offense listed in subdivision (b), (c), or (d) other than those listed in this subdivision, that person may file an application with the Department of Justice, on a form approved by the department, for exclusion from the Internet Web site. If the department determines that the person meets the requirements of this subdivision, the department shall grant the exclusion and no information concerning the person shall be made available via the Internet Web site described in this section. He or she bears the burden of proving the facts that make him or her eligible for exclusion from the Internet Web site. However, a person who has filed for or been granted an exclusion from the Internet Web site is not relieved of his or her duty to register as a sex offender pursuant to Section 290 nor from any otherwise applicable provision of law.

"(2) This subdivision shall apply to the following offenses:

"(A) A felony violation of subdivision (a) of Section 243.4.

"(B) Section 647.6, if the offense is a misdemeanor.

"(C)(i) An offense for which the offender successfully completed probation, provided that the offender submits to the department a certified copy of a probation report, presentencing report, report prepared pursuant to Section 288.1, or other official court document that clearly demonstrates that the offender was the victim's parent, stepparent, sibling, or grandparent and that

the crime did not involve either oral copulation or penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object.

"(ii) An offense for which the offender is on probation at the time of his or her application, provided that the offender submits to the department a certified copy of a probation report, presentencing report, report prepared pursuant to Section 288.1, or other official court document that clearly demonstrates that the offender was the victim's parent, stepparent, sibling, or grandparent and that the crime did not involve either oral copulation or penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object.

"(iii) If, subsequent to his or her application, the offender commits a violation of probation resulting in his or her incarceration in county jail or state prison, his or her exclusion, or application for exclusion, from the Internet Web site shall be terminated.

"(iv) For the purposes of this subparagraph, 'successfully completed probation' means that during the period of probation the offender neither received additional county jail or state prison time for a violation of probation nor was convicted of another offense resulting in a sentence to county jail or state prison.

"(3) If the department determines that a person who was granted an exclusion under a former version of this subdivision would not qualify for an exclusion under the current version of this subdivision, the department shall rescind the exclusion, make a reasonable effort to provide notification to the person that the exclusion has been rescinded, and, no sooner than 30 days after notification is attempted, make information about the offender available to the public on the Internet Web site as provided in this section.

"(4) Effective January 1, 2012, no person shall be excluded pursuant to this subdivision unless the offender has submitted to the department documentation sufficient for the department to determine that he or she has a SARATSO risk level of low or moderate-low."

B. *Application*

In 2004, in enacting Megan's Law, the Legislature specified that the Department is required to "make available information concerning *persons who are required to register* pursuant to Section 290 to the public via an

Internet Web site as specified in this section." (§ 290.46, subd. (a)(1), italics added; see Stats. 2004, ch. 745, § 1.) As indicated by the italicized portion of section 290.46 in the preceding sentence, the Legislature expressly provided that the Internet publication requirements in Megan's Law apply to persons required to register as sex offenders. (See also § 290.46, subd. (a)(1) [referring to the "registrant," "the listed person[]," and "the specific crimes for which the person is required to register"].)

Since 1981, any person who has suffered a conviction specified in section 290 is required to register as a sex offender, notwithstanding dismissal of such conviction pursuant to 1203.4. (Former § 290.1; § 290.007.) We must presume that the Legislature was aware of former section 290.1 when it enacted section 290.46 (*Manhattan Loft, LLC, supra*, 173 Cal.App.4th at pp. 1055–1056). When read together, and as applied to the facts of this case, section 290.007 and section 290.46, subdivision (a)(1) suggest that because Doe is required to register as a sex offender, she is subject to the Internet publication provision contained in section 290.46, subdivision (b)(2)(H).

██ Our interpretation of the relevant statutes is bolstered by the fact that although section 290.46, subdivision (e) specifies a procedure by which a registrant may apply for an exclusion from the Internet publication provisions of Megan's Law, dismissal of a conviction pursuant to section 1203.4 is *not* among the circumstances specified in that provision. (§ 290.46, subd. (e).)[11] Our interpretation gains further support from a comparison of the broad availability of relief under section 1203.4, which is generally available to all defendants who have fulfilled the conditions of their grants of probation, and the narrow probation completion exclusion provided in section 290.46, subdivision (e)(2)(C). "With certain exceptions, a court is required to grant the defendant the relief [pursuant to section 1203.4] he requests if the defendant has fulfilled the conditions of his probation for the entire period." (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 584 [82 Cal.Rptr.3d 778].) In contrast, in enacting former section 290.46, subdivision (e)(2)(C) in 2004 (Stats. 2004, ch. 745, § 1), and amending former section 290.46, subdivision (e)(2)(C) in 2005 (Stats. 2005, ch. 722, § 7), the Legislature provided that " 'a very narrow category of non-violent, intra-familial offenders' " could apply for an exclusion from the Internet publication provisions in Megan's Law. (*Doe v. California Dept. of Justice, supra*, 173 Cal.App.4th at p. 1102, quoting Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1323 (2005–2006 Reg. Sess.) as amended Apr. 13, 2005, for hearing on June 28,

---

[11] Doe has not claimed in this proceeding that she is currently eligible for an exclusion pursuant to section 290.46, subdivision (e).

2005, p. N.) Thus, when specifically considering the circumstance in which an "offender [has] successfully completed probation" (§ 290.46, subd. (e)(2)(C)(i)), the Legislature made the remedy of exclusion from the publication provisions of Megan's Law available to only a narrow class of former probationers.[12]

We reject Doe's contention that the Internet publication provisions in Megan's Law may not be applied to her because the requirements of section 290.46 do not apply to all registered sex offenders. According to Doe, this fact demonstrates that publication of her personal information pursuant to section 290.46 results from "the offense of which . . . she [was] convicted" (§ 1203.4, subd. (a)), in violation of section 1203.4. In our view, in requiring publication of the personal information of "persons who are required to register . . . as specified in this section" (§ 290.46, subd. (a)(1)), the Legislature intended that the Megan's Law publication provisions apply to all persons who are required to register as sex offenders, as long as the registrant has suffered a conviction specified in section 290.46, subdivision (b), (c), or (d). Doe fits this description, since she is required to register as a sex offender (§§ 290, subd. (c), 290.007), and has suffered a conviction specified in section 290.46, subdivision (b) (§ 290.46, subd. (b)(2)(H)).

We also reject Doe's argument that the lack of reference to Internet publication provisions in section 290.007 demonstrates that the Legislature did not intend that a registrant who has obtained section 1203.4 relief remain subject to Megan's Law. As noted above, by making the Megan's Law Internet publication provisions broadly applicable to persons who are required to register as sex offenders (§ 290.46, subd. (a)(1)), the Legislature made those provisions applicable to persons such as Doe who are required to register under section 290 by virtue of section 290.007.

■ With respect to potentially relevant extrinsic interpretative sources, the parties have not cited, and we are not aware of, any relevant legislative history. We reject Doe's argument that she may no longer be considered a "dangerous recidivist sex offender[]" to whom the publication requirements were intended to apply, because she obtained section 1203.4 relief. There is nothing in section 290.46 that indicates that the Legislature intended to restrict the Internet publication provisions of Megan's Law solely to "dangerous recidivist sex offenders." Further, assuming strictly for the sake of argument that Doe is correct that the Legislature's enactment of section 290.46

---

[12] Our interpretation is also consistent with the Legislature's efforts in 2005 and 2006 to limit the scope of the section 290.46, subdivision (e)(2)(C) probation completion exclusion. (See *Doe v. California Dept. of Justice, supra,* 173 Cal.App.4th at p. 1103 [noting that in 2005 "the Legislature amended section 290.46 to limit the availability of the exclusion" and that in 2006 "the Legislature expressly made the 2005 amendment retroactive"].)

and its provision for "widespread dissemination" of a registered sex offender's personal information constitutes an "onerous" new "penalty," our interpretation of section 290.46 and section 290.007, is consistent with this expansive legislative intent.[13] Doe's interpretation is not.

■ Finally, although not cited by the parties, we note that "the DNA and Forensic Identification Database and Data Bank Act of 1998" (the DNA Act) (§ 295, subd. (a)) requires certain persons, including those who are "required to register under Section 290 . . . because of the commission of, or the attempt to commit, a felony or misdemeanor offense" (§ 296, subd. (a)(3)), to "provide buccal swab samples, right thumbprints, and a full palm print impression of each hand, and any blood specimens or other biological samples required pursuant to this chapter for law enforcement identification analysis . . . ." (§ 296, subd. (a).) Section 299, subdivision (f) of the DNA Act provides in relevant part: "Notwithstanding any other provision of law, including Section[] . . . 1203.4, . . . a judge is not authorized to relieve a person of the separate administrative duty to provide specimens, samples, or print impressions required by this chapter if a person has been found guilty or was adjudicated a ward of the court by a trier of fact of a qualifying offense as defined in subdivision (a) of Section 296, or was found not guilty by reason of insanity or pleads no contest to a qualifying offense as defined in subdivision (a) of Section 296."

Section 299, subdivision (f) clarifies that a trial judge may not relieve a sex offender of the obligation to comply with the requirements mandated under the DNA Act by providing relief pursuant to section 1203.4. While the absence of such clarifying language in Megan's Law makes our interpretative task in this appeal more difficult, our conclusion that registered sex offenders are not relieved of the Internet publication provisions contained in section 290.46 is consistent with the Legislature's express intent that registered sex offenders be required to comply with mandates contained in the DNA Act, notwithstanding any relief they may have obtained pursuant to section 1203.4. (§ 299, subd. (f).)

■ We conclude that Doe is subject to the Internet publication provisions in Megan's Law. Our interpretation of the relevant statutes is the " 'construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute . . . .' [Citation.]" (*Realmuto, supra,* 110 Cal.App.4th at p. 199.) However, if we have erred in our interpretation, the Legislature may clarify the law in this area.

---

[13] Doe acknowledges that the "Public notification provisions pertaining to registered sex offenders are a relatively recent addition to the Penal Code."

## IV.

## DISPOSITION

The trial court's order denying Doe's petition for writ of mandate is affirmed. Doe is to bear costs on appeal.

Haller, Acting P. J., and O'Rourke, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 2008, S177142.