Filed 12/17/14  Reavis v. HSBC Mortgage CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THOMAS REAVIS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>HSBC MORTGAGE CORPORATION et al.,<br><br>    Defendants and Respondents. | B254233<br><br>(Los Angeles County Super. Ct. No. EC058315) |

APPEAL from the judgments of the Superior Court of Los Angeles, Laura A. Matz, Judge.  Affirmed.

Law Offices of Rick L. Raynsford and Rick L. Raynsford for Plaintiff and Appellant.

Katten Muchin Rosenman, Stuart M. Richter, Gregory S. Korman, for Defendants and Respondents HSBC Mortgage Corporation (USA) and Federal National Mortgage Association.

Burke, Williams & Sorensen, Richard J. Reynolds, Joseph P. Buchman, for Defendant and Respondent MTC Financial Inc. dba Trustee Corps.

Fidelity National Law Group and Helen P. Hoeffel for Defendant and Respondent Robert Hall.

_____

Plaintiff and appellant Thomas Reavis appeals from judgments of dismissal following orders granting summary judgment in favor of defendants and respondents HSBC Mortgage Corporation (USA), Federal National Mortgage Association (FNMA), MTC Financial Inc. doing business as Trustee Corps, and buyer Robert Hall in this action arising out of a foreclosure sale. Reavis contends: (1) one of the two adjacent lots was not sold at the foreclosure sale because the assessor's parcel number was not listed in the notice of sale as required under Civil Code section 2924f, subdivision (b)(5);[1] (2) a covenant combining the lots was unenforceable; and (3) the removal of Reavis and his personal property from the vacant lot constituted trespass. We conclude the record is inadequate to review the contentions on appeal because it does not contain a reporter's transcript or suitable substitute for the hearings on the summary judgment motions. Even if we found the record adequate to permit review, we would conclude the trial court properly found the omission of the assessor's parcel number was immaterial and not prejudicial. We therefore affirm the judgments.

## FACTS

Lots 21 and 22 of the Whitegate Tract in the City of Los Angeles are adjacent to one another. On December 12, 1974, the owners recorded a covenant combining lots 21 and 22 at the address 10414 Whitegate Avenue in Sunland, California. They agreed to hold the land as one parcel and not sell any portion separately. The covenant stated, "This covenant and agreement shall run with the land and shall be binding upon ourselves, and future owners, encumbrancers, their successors, heirs, assignees and shall continue in effect until such time that the Los Angeles Municipal Code unconditionally permits the use or purpose herein above referred to or unless otherwise released by authority of the Superintendent of Building of the City of Los Angeles."

---

[1] All further statutory references are to the Civil Code, unless otherwise stated.

2

Lot 21 is vacant and lot 22 is improved with a residence. Lot 21 is identified by assessor parcel number (APN) 2559-010-028 and assessed property taxes separately from lot 22, which is identified as APN 2559-010-029.

Reavis purchased the property in April 1998. In August 2008, he borrowed $266,000 from HSBC secured by a deed of trust on the property. The Deed of Trust stated the parcel ID number of the property was 2559-010-029 and 2559-060-028, which had the address of 10414 Whitegate Avenue. An attached schedule described the property as lots 21 and 22 of the Whitegate Tract in the City of Los Angeles.

Reavis defaulted on his loan payments. MTC sent a notice of trustee's sale, which listed one APN 2559-010-029. The notice identified the deed of trust recorded in August 2008. The notice stated pursuant to the power of sale in the deed of trust, the property described in the deed of trust would be sold on October 28, 2010, unless Reavis took action to protect the property. The notice stated the property was being sold "as is," and gave the street address of 10414 Whitegate Ave., (Sunland Area) Los Angeles, CA 91040. The notice stated, "The total amount of the unpaid balance of the obligations secured by the property to be sold and reasonable estimated costs, expenses and advanced at the time of the initial publication of this Notice of Trustee's Sale is estimated to be $279,789.76 (Estimated), provided, however, prepayment premiums, accrued interest and advances will increase this figure prior to sale."

FNMA purchased the property at the sale. MTC recorded a trustee's deed upon sale. The deed identified APN 2559-010-029. MTC granted FNMA the property described in an attached exhibit. The exhibit listed lots 21 and 22 of the Whitegate Tract in the City of Los Angeles. The Trustee's deed upon sale stated the amount of the unpaid debt together with costs was $281,793.14.

FNMA filed an unlawful detainer action against Reavis on December 21, 2010, and obtained a judgment for possession on July 11, 2011. Reavis was served with a notice to vacate the residence. He moved to lot 21.

On February 21, 2012, FNMA recorded a "corrective" trustee's deed upon sale that listed both APNs and the property description of lots 21 and 22. FNMA hired real

estate broker Oak Tree Realty Group to market the property. Oak Tree visited the property with law enforcement officers to remove Reavis from lot 21. FNMA sold the property to Hall on April 4, 2012.

On May 9, 2012, Hall recorded a termination of the covenant in order to develop each lot into a single family residence.

## PROCEDURAL BACKGROUND

Reavis filed a complaint on April 24, 2012. He filed an amended complaint on July 31, 2012, against several defendants, including respondents, for trespass, fraud, cancelation of trustee's deed, cancelation of grant deed, quiet title, waste and declaratory relief.

On July 19, 2013, Hall filed a motion for summary judgment. HSBC and FNMA filed a motion for summary judgment on August 23, 2013. MTC filed a motion for summary judgment on September 6, 2013. The motions were brought on the grounds that Hall was a bona fide purchaser for value without notice, the covenant prevented the lots from being sold separately as a matter of law and Reavis could not have believed in good faith that the lots were being sold separately, the unlawful detainer action had previously litigated and determined the right to possess the premises, and omission of the second APN from the notice was immaterial.

Reavis opposed each motion on the grounds that the covenant was unenforceable, because it failed to comply with section 1468 and lacked consideration, title was not adjudicated in the unlawful detainer action, and the failure to list the APN for lot 21 was not immaterial, because the APN was a substantive requirement of section 2924f, subdivision (b). The defendants filed replies.

A hearing was held on November 8, 2013, on the motions of Hall, HSBC and FNMA. No reporter's transcript of the hearing is part of the record on appeal. The minute order reflects that the trial court granted the motions for summary judgment. The court found Reavis's claims were based entirely on the argument that the nonjudicial

4

foreclosure was invalid as to lot 21, because the notice of trustee's sale did not comply with section 2924f, subdivision (b)(5), requiring the notice to describe the property by giving its street address or other common designation and a county APN. In this case, based on all the facts, the failure to include a county APN for one of the lots was not material to the transaction and was cumulative. Failure to include the APN for one of two lots did not compel invalidation of the sale. On its face, the notice stated the correct common address and expressly stated the property was more fully described on the deed of trust, which in turn, included the correct APNs for both lots. The record title of the property, of which Reavis had constructive notice, included the deed of trust and the covenant to hold the property as one parcel. Regardless of the enforceability of the covenant, it was recorded when Reavis took title to the property. Under the circumstances, the court found no reasonable inference could be made that omission of the APN for lot 21 was material and Reavis failed to establish any materiality or prejudice from the omission. As to the causes of action for cancellation of the grant deed, quiet title and declaratory relief, the motion was additionally granted on the ground that Reavis failed to tender the amount owed.

There was apparently a hearing on MTC's motion for summary judgment at a later date. No minute order or reporter's transcript is part of the record on appeal. A tentative ruling reflects the trial court granted MTC's motion for summary judgment for the same reasons as the prior motions. In addition, the trial court noted the facts did not support any conduct constituting trespass by MTC.

The trial court entered an order granting Hall's motion for summary judgment on December 5, 2013, and judgment in favor on Hall on December 9, 2013. The court entered an order granting HSBC and FNMA's motion for summary judgment on December 6, 2013, and apparently entered a premature judgment in favor of HSBC and FNMA on December 5, 2013. The court entered an order granting MTC's motion for summary judgment on January 6, 2014, and judgment in favor of MTC that same day. Reavis filed a timely notice of appeal from the three judgments.

## DISCUSSION

### Standard of Review and Adequacy of the Record

"[W]e review the grant of summary judgment de novo.  [Citation.]  In performing our independent review, we conduct the same procedure used by the trial court.  We examine:  (1) the pleadings to determine the elements of the claim for which the party seeks relief; (2) the summary judgment motion to determine if movant established facts justifying judgment in its favor; and (3) the opposition to the motion—assuming movant met its initial burden—to 'decide whether the opposing party has demonstrated the existence of a triable, material fact issue.  [Citation.]'  [Citations.]"  (*Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 354.)

Statutory interpretation is a question of law we review independently.  (*Camarillo v. Vaage* (2003) 105 Cal.App.4th 552, 560.)  Our primary task is to determine the intent of the legislative body, so as to construe the statute to effectuate that purpose.  (*Doe v. Brown* (2009) 177 Cal.App.4th 408, 417.)  We begin with the words of the statute.  (*Ibid.*)  "Words used in a statute or constitutional provision should be given the meaning they bear in ordinary use.  [Citations.]  If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .  [Citations.]"  (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)  When a statute is susceptible to more than one reasonable interpretation, we may consider a variety of extrinsic aids, such as the legislative history.  (*Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744.)

### Inadequate Record on Appeal

The appellate record does not contain any reporter's transcripts or a minute order from the hearing on MTC's motion for summary judgment.  In the absence of reporter's

6

transcripts or a suitable substitute, the record is inadequate to review Reavis's contentions and the judgment must be affirmed.

"[A] party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' . . . [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.) In the absence of a proper record on appeal, the judgment is presumed correct and must be affirmed. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

California Rules of Court, rule 8.120(b) provides: "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings . . . ." If the proceedings were not recorded, California Rules of Court, rule 8.137 contains procedures for filing a settled statement.

Without a reporter's transcript of the hearing or a suitable substitute, which would reveal the parties' arguments to the court and any concessions concerning the facts, issues and evidence, Reavis cannot meet his burden to show reversible error. In the absence of an adequate record, we must indulge all inferences to support the order challenged on appeal and presume the trial court properly concluded that no triable issues of material facts existed.

## Civil Code Section 2924f, Subdivision (b)(5)

Even if we were to find the appellate record adequate for review in this case, we would conclude the trial court's ruling was correct. Reavis contends section 2924f, subdivision (b)(5) requires the property's APN to be listed in the trustee's notice of sale. We agree with the trial court that any defect in listing the APN was immaterial and not prejudicial under the facts of this case.

Sections 2924 through 2924k "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.  The purposes of this comprehensive scheme are threefold:  (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.  [Citation.]"  (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.)

Section 2924f, subdivision (b)(5) provides that the notice of sale must contain certain contact information for the trustee and the trustee's agent.  It also states, "In addition to any other description of the property, the notice shall describe the property by giving its street address, if any, or other common designation, if any, and a county assessor's parcel number; but if the property has no street address or other common designation, the notice shall contain a legal description of the property, the name and address of the beneficiary at whose request the sale is to be conducted, and a statement that directions may be obtained pursuant to a written request submitted to the beneficiary within 10 days from the first publication of the notice.  Directions shall be deemed reasonably sufficient to locate the property if information as to the location of the property is given by reference to the direction and approximate distance from the nearest crossroads, frontage road, or access road.  If a legal description or a county assessor's parcel number and either a street address or another common designation of the property is given, the validity of the notice and the validity of the sale shall not be affected by the fact that the street address, other common designation, name and address of the beneficiary, or the directions obtained therefrom are erroneous or that the street address, other common designation, name and address of the beneficiary, or directions obtained therefrom are omitted."

""""The power of sale under a deed of trust will be strictly construed, and in its execution the trustee must act in good faith and strictly follow the requirements of the deed with respect to the manner of sale.  The sale will be scrutinized by courts with great

8

care and will not be sustained unless conducted with all fairness, regularity and scrupulous integrity.'" [Citation.]" (*Millennium Rock Mortg., Inc. v. T.D. Service Co.* (2009) 179 Cal.App.4th 804, 809-810.)

"Strict compliance" to foreclosure notice requirements does not mean a trustee's sale must be invalidated for trivial procedural defects. (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 93.) If the trustee has otherwise fully complied with the statutory notice requirements of the Civil Code, a slight deviation will not invalidate a foreclosure sale. (*Ibid.*) "[C]ourts have rejected claims of deficient notice where no prejudice was suffered as a result of the procedural irregularity." (*Id.* at p. 94.)

"'"As a general rule, there is a common law *rebuttable* presumption that a foreclosure sale has been conducted regularly and fairly." [Citations.] Accordingly, "[a] successful challenge to the sale requires evidence of a failure to comply with the procedural requirements for the foreclosure sale *that caused prejudice to the person attacking the sale.*" [Citation.] . . . [T]he presumption must prevail when the record lacks substantial evidence of a *prejudicial* procedural irregularity. [Citation.]' [Citations.]" (*Knapp v. Doherty*, *supra*, 123 Cal.App.4th at p. 96.)

In this case, there was no evidence that the omission of one APN for the property was prejudicial to Reavis. It is undisputed that Reavis defaulted on the loan, which was secured by both lots. A recorded covenant, of which Reavis had constructive notice, required lots 21 and 22 to be sold as one property. The trustee's notice of sale specifically identified the deed of trust and stated that the property described in the deed of trust would be sold on October 28, 2010, unless Reavis took action to protect the property. It is undisputed that lots 21 and 22 were both described in the deed of trust. In addition, the notice stated the street address of the property to be sold was 10414 Whitegate Ave., which is the address of both lots. The notice provided the amount of the unpaid balance secured by the property to be sold, which was the full amount of the loan secured by the combined lots. Based on this evidence, there is no triable issue of fact and Reavis has not identified any prejudice from the omission of the APN for lot 21 from the

9

trustee's notice of sale.  The finding that the omission was immaterial resolves all of the causes of action, including trespass.  The trial court properly granted summary judgment.

## DISPOSITION

The judgments are affirmed.  Respondents HSBC Mortgage Corporation (USA), Federal National Mortgage Association, MTC Financial Inc., and Robert Hall are awarded their costs on appeal.


KRIEGLER, J.


I concur:


TURNER, P. J.

10

MOSK, J., Concurring

I concur.

I do not agree that the record is inadequate. We review summary judgment de novo. Thus, it generally does not matter what was said at the hearing. No one has suggested that anything occurred at the hearing that would affect our review. The very fact that we reviewed the summary judgment on the merits establishes that there is no need for a reporter's transcript of the hearing. None of the cases cited for the proposition that the lack of a reporter's transcript rendered the record inadequate involved de novo review.

The judicial process is expensive enough without forcing litigants to pay for a reporter or to obtain a settled or agreed statement in order to preserve their right to appeal a matter that will be reviewed de novo.

I otherwise concur in the judgment.


MOSK, J.