[No. D064587. Fourth Dist., Div. One. Mar. 10, 2015.]

DANIEL WILLIAM BEAN, Plaintiff and Respondent, v.
PACIFIC COAST ELEVATOR CORPORATION, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II. and III.A. through D.

1424

COUNSEL

Tucker Ellis & West and Rebecca Ann Lefler for Defendant and Appellant.

Endemen, Lincoln, Turek & Heater, Kenneth C. Turek; Taylor & Company Law Offices and Joshua R. Benson for Plaintiff and Respondent.

OPINION

AARON, J.—

I.

INTRODUCTION

Eric Lazear, an employee of appellant Pacific Coast Elevator Corporation (Pacific Coast), ran his vehicle into respondent Daniel William Bean's truck while Bean was stopped at a red light. Bean suffered serious injuries as a result of the accident and sued Pacific Coast. A jury found Pacific Coast negligent and awarded Bean $1,271,594.74 in damages, including $126,594.74 in economic damages, and $1,145,000 in noneconomic damages. The trial court denied Pacific Coast's motion for new trial, granted Bean's motion for prejudgment interest, and awarded Bean $34,830 in costs. The court entered judgment in the amount of $1,306,424.74 in Bean's favor and ordered prejudgment interest to be calculated on the entire judgment.

On appeal, Pacific Coast contends that the jury's noneconomic damages award is excessive, that the trial court erred in instructing the jury on the basic speed law, and that Bean's counsel committed misconduct during the trial. Pacific Coast further contends that the trial court abused its discretion in finding that Bean's Code of Civil Procedure section 998[1] pretrial offer to settle was reasonable and made in good faith. Finally, Pacific Coast claims that the trial court erred in awarding prejudgment interest on costs.

In the published portion of this opinion, we agree that the trial court erred in awarding prejudgment interest on costs, and in the unpublished portion of this opinion, we reject the remainder of Pacific Coast's claims. Accordingly, we reverse the judgment only insofar as it awards prejudgment interest on costs and remand the matter to the trial court with directions to recalculate

---

[1] Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure.

prejudgment interest in a manner consistent with this opinion, and to enter an amended judgment. In all other respects, we affirm the judgment.

## II.

### FACTUAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.

### DISCUSSION

A.–D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

E. *The trial court erred in awarding prejudgment interest on costs*

Pacific Coast contends that the trial court erred in awarding prejudgment interest on Bean's *costs*. Pacific Coast contends that, pursuant to Civil Code section 3291, prejudgment interest should have been awarded only on the *damages* that the jury awarded in its verdict. Because Pacific Coast's contention raises a question of statutory interpretation, we apply the de novo standard of review. (See, e.g., *Doe v. Brown* (2009) 177 Cal.App.4th 408, 417 [99 Cal.Rptr.3d 209] *(Doe)*.)

1. *Principles of statutory interpretation*

■ In *Doe, supra,* 177 Cal.App.4th at page 417, we explained that statutory interpretation begins with an examination of the text of a statute: " 'In construing any statute, "[w]ell-established rules of statutory construction require us to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law." [Citation.] "We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context." [Citation.] If the statutory language is unambiguous, "we presume the Legislature meant what it said, and the plain meaning of the statute governs." ' "

---

¹ See footnote, *ante*, page 1423.

The *Doe* court also explained the principles of interpretation to be applied when considering a textually ambiguous statute:

■ " 'If . . . the statutory language is ambiguous or reasonably susceptible to more than one interpretation, we will "examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes," and we can " ' "look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." ' " [Citation.]' [Citation.]

■ " ' "We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." [Citation.]' [Citation.] Further, 'We presume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules.' " (*Doe, supra*, 177 Cal.App.4th at pp. 417–418.)

### 2. *Civil Code section 3291*

Civil Code section 3291 provides in relevant part:

"In any action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of the other person, corporation, association, or partnership, and whether the injury was fatal or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section.

"If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

### 3. *Relevant case law*

■ In *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644 [25 Cal.Rptr.2d 109, 863 P.2d 179] (*Lakin*), the Supreme Court considered

whether a party may recover prejudgment interest pursuant to Civil Code section 3291 on that portion of a jury's award attributable to damages other than for personal injury. The *Lakin* court concluded that "[Civil Code] section 3291 . . . authorizes 'prejudgment interest only for the personal injury portion of a more general total recovery.' " (*Lakin, supra,* at p. 658.) In reaching this conclusion, the *Lakin* court acknowledged that the second paragraph of Civil Code section 3291 could be read to suggest that prejudgment interest is to be awarded even on those components of a judgment that are not for personal injury damages: "The statute in issue is not a model of clarity. Its second paragraph provides that if the plaintiff makes a pretrial offer to compromise that is not accepted and then 'obtains a more favorable judgment, the *judgment* shall bear interest . . .' ([Civ. Code,] § 3291, italics added). Taken literally, this language requires a court to assess prejudgment interest on an entire judgment regardless of how much or how little of the award consisted of personal injury damages." (*Lakin, supra,* at p. 658.)

However, the *Lakin* court reasoned that, when read as a whole, the statute is best interpreted as permitting prejudgment interest to be calculated solely on personal injury damages: "The first paragraph of [Civil Code] section 3291 permits the plaintiff in 'any action brought to recover *damages for personal injury* . . . to claim interest on the damages alleged' (italics added). We understand the Legislature to have intended this narrower language, which confines the availability of prejudgment interest to 'damages for personal injury,' to limit the broader language of the second paragraph. To adopt the broader reading of the second paragraph would render the narrower language of the first paragraph nugatory." (*Lakin, supra,* 6 Cal.4th at p. 659.)

 In *Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516 [117 Cal.Rptr.2d 220, 41 P.3d 46] (*Hess*), the Supreme Court considered whether "a plaintiff may recover interest on interest accrued [(i.e., compound interest)] under Civil Code section 3291 from the date of the section 998 offer to the date of judgment because this prejudgment interest must be included in the judgment pursuant to [former] rule 875 of the California Rules of Court." (*Hess, supra,* at p. 523.) The *Hess* court concluded "the language and history[20] of Civil Code section 3291 precludes inclusion of the prejudgment portion of the interest in the judgment for purposes of compounding the interest." (*Id.* at p. 532.) The *Hess* court further stated, "Prejudgment interest accrued under Civil Code section 3291 is not part of the judgment, and a plaintiff may not obtain interest on this prejudgment interest." (*Id.* at p. 533.)

---

[20] The *Hess* court noted that during the enactment of the bill that became Civil Code section 3291, the Assembly deleted a provision allowing for the compounding of interest. (*Hess, supra,* 27 Cal.4th at pp. 531–532.)

### 4. *Application*

■ Bean has not cited any case, nor has our independent research uncovered any case, suggesting that Civil Code section 3291 prejudgment interest may be awarded on costs. Further, both the language and logic of *Lakin* support the conclusion that prejudgment interest may *not* be awarded on costs. The *Lakin* court "conclude[d] that [Civil Code] section 3291 authorizes courts to award prejudgment interest only on *damages attributable to personal injury*" (*Lakin, supra,* 6 Cal.4th at p. 659, italics added), and stated that such a conclusion was consistent with the legislative intent evinced in the first paragraph of the statute, which it found to be controlling (*ibid.*).

While Bean contends that the trial court properly awarded prejudgment interest on costs because "costs are part of a judgment," his argument is similar to the argument that was rejected in *Hess*, namely that prejudgment interest is to be awarded on prejudgment interest "because . . . prejudgment interest must be included in the judgment." (*Hess, supra,* 27 Cal.4th at p. 523.) In any event, even if we were to conclude that prejudgment interest is to be awarded on the *judgment*, costs are not ordinarily considered *part* of the judgment; rather, they are "normally viewed as an *incident* of a judgment." (*Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 740 [122 Cal.Rptr.3d 590], italics added.) Thus, following the *Hess* court's reasoning, prejudgment interest may not be awarded on costs, because costs, like prejudgment interest, "[are] not part of the judgment." (*Hess, supra,* at p. 533.)

Finally, we are not persuaded by Bean's contention that "a plaintiff's outlay of costs is necessarily a lost use of money," and therefore, that his interpretation fosters Civil Code section 3291's purported policy goal of "compensating personal injury plaintiffs for loss of use of money during the prejudgment period" (quoting *Lakin, supra,* 6 Cal.4th at p. 664). Immediately preceding this sentence, the *Lakin* court stated, "For more than a century it has been settled that one purpose . . . of prejudgment interest in general, is to provide just compensation to the injured party for loss of use of *the award* during the prejudgment period . . . ." (*Id.* at p. 663, italics added; see *Deocampo v. Ahn* (2002) 101 Cal.App.4th 758, 782 [125 Cal.Rptr.2d 79] [stating that "the purpose of Civil Code section 3291 [is] to compensate plaintiff for the loss of use, during the prejudgment period, of *the damages* to which [plaintiff] was entitled due to [defendant] having negligently treated him" (italics altered)].) We think it clear that the purpose of Civil Code section

3291 is to compensate plaintiffs for the loss of use of the money awarded for personal injury *damages*, *not* for the loss of use of money for *costs*.[21]

■ Accordingly, we conclude that the trial court erred in awarding prejudgment interest on costs.

## IV.

## DISPOSITION

The trial court's order denying Pacific Coast's motion for new trial is affirmed.

The trial court's order awarding Bean prejudgment interest is reversed only insofar as it awards prejudgment interest on costs. In all other respects, the trial court's order awarding Bean prejudgment interest is affirmed.

The judgment is reversed only insofar as it awards prejudgment interest on costs. The matter is remanded to the trial court with directions to recalculate prejudgment interest in a manner consistent with this opinion and enter an amended judgment. In all other respects, the judgment is affirmed.

In the interest of justice, Pacific Coast shall bear costs on appeal.

McConnell, P. J., and Huffman, J., concurred.

---

[21] "Recovery of litigation *costs* . . . is *not* considered part of an award of *damages*." (*Marron v. Superior Court* (2003) 108 Cal.App.4th 1049, 1065 [134 Cal.Rptr.2d 358].)